IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> DAVID C. GERBER, TOBY J. QUESINBERRY, JAMES R. MILLERBERG, and BRADLEY A. HASLETT, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER STAYING CASE AS TO DEFENDANT HASLETT <br><br><br><br><br><br> Case No. 2:06-CV-1044 TS |

In this action to enforce assessment of unpaid federal withholding taxes against four alleged responsible persons, the government objects to the Magistrate Judge's May 4, 2007 Order Granting Defendant Haslett's Motion to Stay[1] the claim against him pending resolution of the same claim in his previously-filed case in the District of Alaska.

---

[1]Docket No. 34 (Order).

1

In his Order, the Magistrate Judge found that the Anti-Injunction Act[2] did not apply; the claims against Haslett in this case were identical to those pending in Haslett's previously-filed Alaska case;[3] and the "interests of justice and balancing the equities of the parties support staying this case as to defendant Haslett pending the final adjudication of the first-filed related" Alaska case.[4] Based upon those findings, the Magistrate Judge stayed this case "as to defendant Haslett pending the final resolution" of the Alaska case.[5]

The government objects to the stay on the grounds that the "first filed" rule requires that the Alaska court be the one to rule on the stay issue, and that the compelling circumstances exception to the first filed rule justifies an exception in this case.

Haslett contends that the first filed rule was not briefed by the parties before the Magistrate Judge's ruling, and that the Order should be affirmed on the actual balancing of the equities analysis used by the Magistrate Judge.

A few background facts are required to understand the parties' arguments. The IRS filed this case seeking to recover the withholding taxes withheld from the employees of Winward Electric, Inc. When the withholding taxes were not paid to the IRS as required by law, the IRS assessed them under § 6672[6] against the four individuals—the four defendants herein— that it contends were responsible persons for the payment to the IRS.

---

[2] 28 U.S.C. § 7421(a).

[3] *Haslett v. United States*, Civil No. 06-W-00150 JWS (Alaska case).

[4] *Id*. at 2.

[5] *Id*. at 2.

[6] 26 U.S.C. § 6672.

Haslett, an Alaska resident who has never been to Utah, alleges that he was a director, but not an officer of a company called CommSpan. CommSpan, was the sole owner of Winward Electric.[7] Haslett made a partial payment on the assessment and then filed the Alaska case seeking a refund of his partial payment and an abatement of the assessment. The government answered and counterclaimed[8] in the Alaska case and made pretrial disclosures. A pretrial scheduling order was entered in the Alaska case. Six months after the Alaska case was filed, the government filed this case against all four Defendants in this district. Only one of the other three Defendants is alleged to be a Utah resident. The other two Defendants are residents of Washington and Wyoming.

The same day this case was filed, the government filed a Motion to Stay in the Alaska case. Haslett then filed a Motion to Stay in this case. The Alaska Court initially reserved the issue of stay until after this Court decided the issue. However, on August 13, 2007, the Alaska Court noted the issue was not yet resolved in this court due to the Objection to the Magistrate Judge's Order and denied the government's Motion to Stay that case.[9]

---

[7] In its memorandum, the government asserts that Haslett was the CEO of Winward, but the IRS letter it cites as support alleges only that he was an officer of CommSpan. *See* Govt's Objection at 3 (asserting "Haslett was the CEO of Winward.") citing Maragani Decl., Ex. A (IRS letter to Haslett stating "Winward Electric was a subsidiary of CommSpan who owned 100% of the stock. You were the CEO of CommSpan").

[8] Docket No. 13, Halsett's Mem. in Supp. of Motion to Stay, Ex. C. (Govt's Answer and counterclaim filed August 25, 2006, in Alaska case).

[9] Docket No. 47.

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[10] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[11]

The government argues for the application of an exception to the first filed rule. Under the first filed rule, where two courts have concurrent jurisdiction, generally the first court in which jurisdiction attaches has priority to consider the case.[12] However, the policy reasons behind the rule require that it not be mechanically applied.[13] There are exceptions to the rule, including the "sound reason" exception developed in patent cases.[14]

As an initial matter, this Court agrees with Haslett that the Magistrate Judge's decision was not based on the first filed rule. But, even if the first to file rule and its

---

[10] 28 U.S.C. § 636(b)(1)(A).

[11] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[12] *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982).

[13] *Agridyne Technologies, Inc. v. W.R. Grace & Co.-Conn.*, 863 F.Supp. 1522, 1525 (D. Utah 1994).

[14] *Id*. at 1526 and n.2 (noting that the non-exclusive list of sound reasons "may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest") (quoting *Genentech, Inc. v. Eli Lilly & Co*, 998 F.2d 931, 938 (Fed. Cir. 1993), *overruled on other grounds, Wilton v. Seven Falls, Co*., 515 U.S. 277 (1995)).

exception were applied, the relevant "sound reason" exception would include the equities, and therefore such a basis would not result in a different determination.

The government does not dispute Plaintiff's evidence that he cannot travel due to multiple and serious health conditions, including periodic blindness.[15] Nor does it dispute Defendant's evidence that travel would be a severe financial hardship as he would be unable to travel alone.[16] Instead, it contends that the travel will be the same if the claim is decided in this jurisdiction or in Alaska. It also contends that Haslett's health can be accommodated by allowing him to appear at trial by video conference. The government contends that it is necessary to have all of the Defendants in a single case and that this is the only Court where all defendants can be compelled to participate.[17]

The Court notes that under § 6672 multiple persons can be found to have the responsibilities that render them liable.[18] Thus, the liability of a person under § 6672 does not depend on whether or not one or more other persons are also found to be responsible

---

[15] Docket No. 13, Haslett's Mot. to Stay, Ex. A (Haslett Aff.) and Ex. F (Haslett's physician's Aff.)

[16] *Id*. at Ex. G (K. Haslett Aff.), at ¶ 7-8.

[17] Personal jurisdiction over Haslett is not established because his time to file an answer has been extended until after the stay issue is resolved.

[18] *See Denbo v. United States*, 988 F.2d 1029, 1032-33 (10th Cir. 1993) (finding that § 6672 "does not confine liability for the unpaid taxes only to the single officer with the greatest or the closest control or authority over corporate affairs") (quoting *Gephart v. United States*, 818 F.2d 469, 476 (6th Cir. 1987)).

persons.[19] For this reason, the Court rejects the government's argument that there is a possibility of whipsaw if the cases are heard separately.

Two matters completely distinguish this case from the *Costello*[20] and *Klein*[21] cases relied upon by the government. First, unlike the procedural posture of either *Costello* or *Klein*, the government has already fully engaged in the first filed litigation by filing an answer and counterclaim, producing initial disclosures, and entering into a scheduling order. *Klein* is distinguishable because in that case, the IRS had "not answered nor filed a counterclaim" when it moved to suspend the case in favor of a related collection action against all of the assessed individuals.[22] Similarly, in *Costello*, the government filed the second case *instead* of filing a counterclaim because it could not obtain personal jurisdiction over the other alleged responsible party in the first-filed case.[23] This fact of having fully engaged in the first-filed case would alone be sufficient to support the Magistrate Judge's decision. Having determined it would litigate in the first-filed case, the government cannot now be heard to complain that it cannot obtain necessary witnesses or that it would otherwise not serve the interest of justice to continue in the Alaska case.

---

[19]*Id.*

[20]*United States v. Costello*, 809 F. Supp. 56 (E.D. Wis. 1992).

[21]*Klein v. United States*, No. 93-614T (Ct. Cl. June 28, 1994) (unpublished Order).

[22]*Id.* at 1.

[23]809 F.Supp. at 57.

Second, in the present case there are undisputed health and financial hardships that would result in severe prejudice to Haslett if he were forced to litigate in this distant forum. To be required to proceed to trial in a forum where his health does not allow him to present his own live testimony to the jury would be a very severe prejudice to Haslett. Such severe prejudice to a party was not present in either *Costello* or *Klein*. Where Haslett has the alternative forum of the first-filed case and where the government has counterclaimed and commenced litigation in that forum, it is not inequitable to require the government to continue to prosecute its counterclaim against Haslett in that forum.

Having considered the entire record, the Court finds no error in the Magistrate Judge's ruling that the "interests of justice and balancing the equities of the parties support staying this case as to" Haslett. It is therefore

ORDERED that the government's Objection to the Magistrate Judge's May 4, 2007 Order Granting Defendant Haslett's Motion to Stay is OVERRULED and the Magistrate Judge's May 4, 2007 Order is AFFIRMED IN ALL RESPECTS.

DATED August 17, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge